UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 14-020-DCR |
| ) | and |
| V. ) | Civil Action No. 6: 17-033-DCR |
| ) | |
| ROBERT SCOTT SHEPPARD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Robert Sheppard pleaded guilty to two counts of being a felon in possession of a firearm. He was sentenced to 162 months' imprisonment and three years of supervised release on August 21, 2015. Sheppard appealed the sentence imposed, but in October 2016 the United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment [Record No. 368]. The matter is again pending for consideration of Sheppard's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [Record No. 375]

This Court previously denied Sheppard's request for relief under § 2255. [Record No. 389] However, the Sixth Circuit granted a Certificate of Appealability as to one of Sheppard's claims, vacated this Court's judgment, and remanded with instructions to "develop the record and otherwise proceed as it sees fit." *Sheppard v. United States*, 788 F. App'x 362, 364 (6th Cir. 2019). Consistent with local practice, Sheppard's § 2255 motion was again referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Judge Edward B. Atkins reviewed the

motion, along with the government's response, and issued his report, recommending that Sheppard's motion to vacate be denied. [Record No. 431] Sheppard has filed objections to Magistrate Judge Atkins' Recommended Disposition. [Record No. 434] His objections focus primarily on the facts underlying his conviction, not the recommendations of Magistrate Judge Atkins. [*Id.*]

This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). But where neither party objects, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, this Court will carefully review Sheppard's claims.

**I.**

As noted, Sheppard is currently serving a term of imprisonment for two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record Nos. 300 and 302] His convictions stem from two incidents: in 2012, Sheppard discharged a firearm and struck an acquaintance [Record No. 312 at 25; Record No. 346]; and, in 2014, Sheppard was found in a basement with multiple firearms. [*Id.*] He was ultimately charged for possession of a handgun during the 2012 incident and a shotgun and pistol during the 2014 incident. [Record No. 8] He pleaded guilty on February 6, 2015.[1] [Record Nos. 158 and 295]

---

[1] Sheppard forfeited his right to collaterally attack his guilty plea, conviction, or sentence, except for claims of ineffective assistance of counsel. [Record No. 295 at ¶ 8]

Before sentencing, Sheppard's total offense level was calculated to be 27. [Record No 312 at ¶ 47]. With a base offense level of 24, based on his criminal history, he was assessed a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three to seven firearms and a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for using a firearm in connection with a felony offense. [*Id.* at ¶¶ 38 and 40] He was also given a three-level reduction for acceptance of responsibility. [*Id.* at ¶¶ 46 and 47] Accordingly, his non-binding guideline range for imprisonment was 130 months to 162 months. [Record No. 312 at 19] Sheppard's counsel only objected to the proposed four-level increase. [Record No. 219] The Court overruled that objection and sentenced Sheppard to a term of imprisonment of 162 months, followed by a three-year term of supervised release. [Record Nos. 300 and 302]

The Sixth Circuit later affirmed Sheppard's sentence. [Record No. 368]. He then filed a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 375] Sheppard elaborated on his claims in a Supplemental Memorandum of Facts and Law. [Record No. 382] And he further filed a motion to amend his petition, which was granted. [Record Nos. 385 and 387] Taken together, his filings contained two claims. He contended that: (1) the base offense level assigned to his conduct was improperly calculated because he did not have two prior-qualifying felony convictions; and (2) his trial counsel rendered ineffective assistance by failing to object to § 2K2.1(B)(1)(A)'s number-of-guns enhancement.

This Court denied relief on both of Sheppard's claims and declined to issue a Certificate of Appealability. [Record No. 389] The Sixth Circuit then vacated the denial of his ineffective

assistance of counsel claim and remanded for further development of the record. *Sheppard*, 788 F. App'x at 363-64. On remand, Magistrate Judge Atkins directed a response from the United States, which could include information gathered from Sheppard's trial counsel. [Record No. 422]. The United States filed an affidavit from trial counsel detailing his failure to object to the number-of-guns enhancement. [Record No. 426-2]

## II.

This Court now reviews Sheppard's single remaining § 2255 claim: that his trial counsel's failure to object to the number-of-guns enhancement violated his Sixth Amendment right to effective counsel.[2] But first, it must first address whether an evidentiary hearing is necessary to assess Sheppard's claim, given the record developed since remand.

Sheppard requests an evidentiary hearing regarding his trial counsel's decision not to object. [Record Nos. 434] And the Sixth Circuit ordered this Court "to develop the record and otherwise proceed as it sees fit." *Sheppard*, 788 F. App'x at 364. Specifically, this Court must gather enough evidence to answer one question: whether trial counsel's failure to object "had a sound strategic motive or was taken because counsel's alternatives were even worse." *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Trial counsel's affidavit provides the information necessary to answer that question. [Record No. 426-2] No

---

[2] The Certificate of Appealability in Sheppard's case was limited to this question. *Sheppard v. United States*, No. 17-6178, 2018 U.S. App. LEXIS 15341 (6th Cir. June 6, 2018). The Sixth Circuit's remand was likewise limited. *Sheppard*, 788 F. App'x at 364. Accordingly, this Court's analysis will address the single claim remaining on remand. However, the Court agrees with and adopts the analysis of the Magistrate Judge's re-assessment of claims dismissed prior to Sheppard's appeal, and Sheppard offers no objection to them. [Record No. 434]

evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *accord Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Accordingly, the Court will proceed to *de novo* review of Sheppard's claim on the existing record.

Sheppard bears *Strickland v. Washington*'s "heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). To prevail on his claim, he must show both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Glover v. United States*, 531 U.S. 198, 202-03 (2001) (applying *Strickland* to collateral attacks on non-capital sentences). For the first component, trial counsel's performance must have been "outside the wide range of professionally competent assistance." *Stermer v. Warren*, 959 F.3d 704, 736 (6th Cir. 2020) (quoting *Strickland*, 466 U.S. at 690). And showing prejudice requires evidence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

Section 2K2.1(b)(1)(A)'s number-of guns enhancement was applied based on the single firearm Sheppard was charged for in Count 1 and the two firearms he was charged for in Count 6. [Record No. 8 at p. 1 and 4-5] But Sheppard argues that trial counsel should have objected, since the two offenses were not sufficiently connected. [Record No. 385] Had the objection been made, the Court would have considered "the degree of similarity of the offenses, the regularity of the offenses, and the time interval between the offenses" to make this determination. *United States v. Phillips*, 516 F.3d 479, 484 (6th Cir. 2008). At the time of sentencing, the Sixth Circuit's precedent was unfavorable to Sheppard under this standard,

given that his "repeated possession of firearms appear[ed] linked by a common purpose: self-defense" *See id.* at 485.  The fact that Sheppard possessed these firearms to protect himself and his methamphetamine was clear at sentencing.  [Record No. 346]  Further, the newly developed record is clear regarding the main question: trial counsel's failure to object to the number-of-guns enhancement was strategic, and spared Sheppard from a **higher** guideline range.

Trial counsel's affidavit points to "a sound strategic motive" for failing to object. *Sheppard*, 788 F. App'x at 364 (quoting *Massaro*, 538 U.S. at 505).  His client had been discovered with nine firearms.  [Record 426-2]  If the government had successfully argued that all nine guns were involved in Sheppard's offense, his base offense level would have increased by four (rather than two) levels.  U.S.S.G. § 2K2.1(b)(1)(B).  But Sheppard and the government agreed that if Sheppard took responsibility for two of the nine guns seized, the government would not attempt to attribute the remainder to him.  [Record 426-2]  Trial counsel made the sound, strategic choice not to jeopardize that agreement.

Further, there is evidence that "counsel's alternatives" to failing to object "were even worse." *Sheppard*, 788 F. App'x at 364 (quoting *Massaro*, 538 U.S. at 505).  Sheppard admitted to possessing three firearms in his plea agreement.  [Record No. 295 at ¶ 3(a)-(b)]  Accordingly, trial counsel saw that objecting to that number at sentencing may have put Sheppard's three-level reduction for acceptance of responsibility at risk.  [Record 426-2]  Losing this enhancement was surely a less desirable alternative.

Trial counsel had the option to make an objection.  But faced with unfavorable case law and facts that showed his client was found with nine firearms, his odds of success were

slim. Trial counsel thus assisted his client in receiving the most favorable guidelines range available under the circumstances. Failure to make an objection under these facts was not ineffective. And even if Sheppard could prove *Strickland*'s first component, he was not prejudiced by trial counsel's failure to object for two reasons. First, trial counsel's declaration that an objection to the two-level enhancement would have cost Sheppard his three-level reduction for acceptance of responsibility is persuasive. [Record 426-2] Second, had the objection been made, the government argues it could have instead grouped the counts together. Under that Sentencing Guidelines, "counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2. As the victims here may be construed as "society at large," *Id.* at n. 2, the counts may have been grouped together, and Sheppard's sentence would have remained the same. Accordingly, his requested relief will be denied.

### III.

The Court must issue or deny a Certificate of Appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Sheppard cannot establish that his trial counsel's failure to object to the number-of-guns enhancement was constitutionally ineffective. Further, he cannot show that he was prejudiced. Accordingly, a Certificate of Appealability will be denied.

### IV.

Sheppard also objects to the Magistrate Judge's recommendation that the Court decline to appoint counsel. [Record No. 434] "[T]here is no constitutional right to an attorney in collateral proceedings." *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). In § 2255 proceedings, counsel may be appointed if "the court determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). "In exercising this discretion, the Court should consider the legal and factual complexity of the case, petitioner's ability to investigate and present his claims, and any other factors relevant to the given case. *United States v. Hall*, No. 5: 07-cr-006-JMH-2, 2019 WL 4061664, at 1 (E.D. Ky. Aug. 28, 2019) (citing *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). Because this Court concludes that Sheppard's claims are not unusually complex and that appointment of counsel is not justified under the facts presented, his request will be denied.

Accordingly, it is hereby

**ORDERED** that

1.   Defendant/Movant Robert Sheppard's motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 [Record No. 375] is **DENIED.**

2.   The Magistrate Judge's Recommended Disposition [Record No. 431] is **ADOPTED** and **INCORPORATED** in full. Sheppard's objections [Record No. 434] are **OVERRULED**.

3. No counsel shall be appointed pursuant to 18 U.S.C. § 3006A and Sheppard's request for appointment of counsel is **DENIED**.

Dated: August 26, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky